■ C. RAY EKHOLM v. VICTOR J. SUDMAN.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ. [See *ante,* p. 826.]

■ In the Matter of SIEGFRIED STERN et al., as Executors of EDNA P. STERN, Deceased, et al., against COMMUTERS WINE & LIQUOR STORES, INC., et al.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [See *ante,* p. 818.]

■ In the Matter of the Arbitration between CONTINENTAL NUT COMPANY, Appellant, and BANNER CANDY MFG. CORP., Respondent.— Motion for leave to appeal to the Court of Appeals or for reargument denied, with $10 costs. Concur — Breitel, J. P., Botein, Rabin, Valente and McNally, JJ. [See *ante,* p. 819.]

■ In the Matter of the Arbitration between CONTINENTAL NUT COMPANY, Appellant, and BANNER CANDY MFG. CORP., Respondent.— Motion to dismiss appeal granted, with $10 costs. Concur — Breitel, J. P., Rabin, Frank, Valente and McNally, JJ.

■ DAVE HERSTEIN CO., INC., Appellant, v. COLUMBIA PICTURES CORP., Respondent.— The plaintiff seeks to recover for a breach of a covenant of quiet enjoyment contained in its original agreement of lease as projected into a statutory tenancy. According to the plaintiff, the breach occurred " on and after October 30, 1955." Concededly, the plaintiff paid no rent for November, although the clause in issue is predicated upon the payment of rent. That alone would be sufficient to require affirmance of the dismissal of the complaint. Moreover, another cogent reason is evident from the record. On July 29, 1955, some months before the alleged breach occurred, a final order was entered on consent of the parties. That order awarded possession to the defendant, " by reason of the expiration of the Tenant's [plaintiff] term." The stipulation upon which the final order was entered discontinued the payment of rent and provided for payment of a like sum for use and occupation only. It thus appears that the parties by their own acts terminated the lease and the concomitant payment of rent. The plaintiff continued in occupancy only by virtue of a stay of execution of the warrant. The determination with respect to the reply and counterclaim presents a different problem. The plaintiff asserts that it was actually evicted from a portion of the premises of which it was in possession, commencing on or after October 30, 1955. The defendant admits that in December it entered upon and demolished a portion of the premises. It contends, however, that it had the right to do so because the plaintiff was merely a licensee. The judgment includes a sum of money awarded for use and occupation of the premises for the months of November and December, 1955, January and part of February, 1956. There are triable issues as to whether the plaintiff was a licensee or was entitled to possession because of its occupancy under a terminated lease, whether there was an actual partial eviction, and if so, when it occurred, and as to sum of money to be paid for use and occupancy. These issues cannot be determined upon the papers before us. The order appealed from is unanimously modified so as to deny the motion insofar as it sought to strike out the reply and for judgment on the counterclaim and, as so modified, the order is affirmed. The judgment entered thereon is modified accordingly. Settle order on notice. Concur — Peck, P. J., Botein, Frank, Valente and McNally, JJ. [See *post,* p. 1005.]

■ In the Matter of TRIPPLE INN, INC., Petitioner, against STEPHEN P. KENNEDY, as Commissioner of Police of the City of New York, Respondent.— The determination of the police commissioner insofar as it finds petitioner guilty of violation of the specification (1, subd. [a]) that he " Did suffer and